IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROSEMARY MacDONALD HOUSTON,<br><br>Defendant. | Cause No. CR 03-37-GF-BMM<br><br><br><br>ORDER |

Defendant Rosemary MacDonald Houston ("Houston") moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 outbreak. She is currently serving a 276-month prison sentence for providing methadone pills to Trina Bradford, who died as a result of using them. *See* Judgment (Doc. 87). Her projected release date is February 25, 2023. *See* Inmate Locator, www.bop.gov/inmateloc (accessed August 12, 2020).

As of August 11, 2020, 544 inmates and three staff members at FMC Carswell, Texas, tested positive for COVID-19. Four inmates have died, and 522

1

have recovered. *See* Interactive Map, www.bop.gov/ coronavirus (accessed August 11, 2020). Nearly half of the inmates at FMC Carswell have tested positive, but as it is a Federal Medical Center, these figures might or might not mean staff were unsuccessful in controlling the spread of SARS-CoV-2.

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Houston's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). Any reduction must be consistent with the corresponding policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[1]

A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A); *see also* U.S.S.G. § 1B1.13(1)(A). The defendant need not have a terminal illness. A "serious physical or medical condition," "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" may constitute an "extraordinary and compelling reason" for release. *See* U.S.S.G. §

---

[1] The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

1B1.13 cmt. n.1(A).  The guideline also requires evidence that the defendant's condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is something "from which he or she is not expected to recover."  *See id*.

Houston appears to have lived at FMC Carswell for many years.  *See* Mots. to Reduce Sentence (Docs. 106, 108, 112, 114, 115, 117) (all sent from Carswell between Mar. 30, 2009, and Oct. 16, 2017).  Houston's well-documented medical conditions significantly compromise her ability to survive contracting COVID-19. These conditions include asthma, COPD (chronic airway obstruction), type II diabetes, morbid obesity, obstructive sleep apnea, sarcoidosis, acute bronchitis, acute upper respiratory infection, and congestive heart failure. (Doc. 124.) Houston also represents that she has a pacemaker (Doc. 120) and is obese. *See* PSR, ¶ 60. The CDC advises that people with chronic health conditions, especially respiratory ones, strictly limit interaction with anyone who may have been exposed to the virus. *See* People with Certain Medical Conditions, www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed August 11, 2020). The conditions at FMC Carswell present exposure as a serious and potentially lethal possibility for Houston. Houston's continued presence at FMC Carswell accordingly limits her

3

capacity for self-care. Houston's serious medical conditions constitute an extraordinary and compelling reason to grant her motion for compassionate release.

The next question is whether Houston is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition." 18 U.S.C. § 3142(g)(1), (3)(A).

Houston does not provide many facts to assist the Court in assessing these concerns. However, the presentence report indicates that Houston had minimal criminal history at the time she committed the instant offense. Her criminal history category was I. She apparently complied with the conditions of her deferred sentences. Before this case, the longest jail term Houston had served was 30 days. Her offenses are consistent with her background of abuse, anger, addiction, poor health, and lack of skills. At one point Houston reported to some evaluators that she feared she would assault someone or harm her children, *see* Presentence Report ¶ 64, but the Court sees no evidence she did. Her conduct after discovery of her crime and some of her statements about the victim have been callous, selfish, and

4

frankly reprehensible. They have been consistent, however, with the circumstances of someone who fears the consequences of an act she did not intend and cannot change.

Houston did not indicate any intent to harm the victim, nor does her case suggest that she sought the outcome of the victim's death. The victim's family declined restitution as well as payment of funeral expenses. The slender evidence before the Court does not support an inference that Houston will pose a danger to the community. Moreover, Houston shows an extraordinary and compelling reason to reduce her sentence to time served. Reducing her 276-month sentence by about 40 months is consistent with the objectives of federal sentencing described in 18 U.S.C. § 3553(a). She is entitled to release and will benefit from placement in a pre-release center considering her current medical condition.

Accordingly, **IT IS HEREBY ORDERED**:

1. Houston's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 120) is **GRANTED**.

2. As of the date of this Order, Houston's previously imposed sentence of imprisonment of 276 months is **REDUCED** to time served.

3. It is recommended that Houston spend the first 120 days of her supervised release in a pre-release center, depending on availability.

4. This Order is **STAYED** for up to fourteen days, to allow the United States Probation Office time to verify Houston's placement in a pre-release center and establish a release plan; to make appropriate travel arrangements; and to ensure Houston's safe release.

5. Houston shall be released as soon as her placement in a pre-release center is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Houston to travel. There shall be no delay in ensuring travel arrangements are made.

6. If more than fourteen days are needed to make appropriate travel arrangements and ensure Houston's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

7. The United States Probation Office and the parties shall review Houston's conditions of supervised release. Any proposed modifications must be presented to the Court for review.

8. Houston must provide the Court with the complete address where she will reside upon release.

9. The United States must ensure Houston is closely monitored for any signs of COVID-19 and must immediately advise counsel, the Court, and the United States Probation Office should Houston become ill or test positive for the

virus or the disease before her release.

DATED this 12th day of August, 2020.

_____
Brian Morris, Chief District Judge
United States District Court